UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| Alexis R. Cespedes,<br><br>Plaintiff,<br><br>– against–<br><br>TD Bank, N.A., Experian Information Solutions, Inc. and Equifax Information Services, LLC. | Civil Action No. |

**COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes, Alexis R. Cespedes, the Plaintiff herein and hereby files this Complaint against Defendants, TD Bank, N.A., Experian Information Solutions, Inc., and Equifax Information Services, LLC and alleges as follows:

1

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## PARTIES

2. Plaintiff, Alexis R. Cespedes, is an adult citizen of Florida.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant TD Bank, NA ["TD Bank"] does business throughout the country and in the State of Florida. TD Bank is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

5. Defendant Experian Information Solutions, Inc. ["Experian"] is a corporation, doing business throughout the country and in the state of Florida. Experian is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA. Experian is one of the largest CRAs in the world.

6. Defendant Equifax Information Services, LLC., ["Equifax"] is a limited liability company, doing business throughout the country and in the state of Florida. Equifax is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA. Equifax is one of the largest CRAs in the world.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff's primary residence is within the state of Florida. Venue in this district is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Florida.

## **SUBSTANTIVE ALLEGATIONS**

**The FCRA**

1. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. See 15 U.S.C. 1681a.

2. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports, and set up reasonable procedures to maintain compliance with this standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

3. Credit bureaus must immediately notify furnishers if a consumer disputes the accuracy of information reported by that furnisher. Section 1681s-2(b) requires a furnisher, upon receiving a consumer's dispute, to conduct an investigation, mark the accounts

as disputed, and update the reporting if necessary.

4. Plaintiff has a legally protected interest in Defendants fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

## **FACTUAL ALLEGATIONS**

5. Defendant TD Bank issued an account ending in 7208 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

6. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

7. On or about September 29, 2020, Plaintiff and Raush Sturm, Attorneys at Law, on behalf of TD Bank entered into a settlement agreement for the above referenced account. A recording of the settlement agreement is available upon request.

8. Pursuant to the terms of the settlement, Plaintiff was required to make one (1) lump sum payment totaling $2,520.00 to settle and close his TD Bank credit account.

9. Plaintiff timely made the requisite settlement payment. Proof of this payment is attached hereto as **"Exhibit A."**

10. However, nine months later, Plaintiff's account continued to be negatively reported.

11. In particular, on a requested credit report dated March 2, 2021, Plaintiff's TD Bank account was reported with a status of "120 days past due" with a balance of $3,125.00 and "UNPAID BALANCE REPORTED AS A LOSS BY CREDITOR GRANTOR" with a balance of $3,152.00. The relevant portion of Plaintiff's credit report is attached hereto as "**Exhibit B."**

12. This trade line was inaccurately reported. As evidenced by the settlement agreement and the proof of payment, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

13. On or about April 27, 2021, Plaintiff, via his attorney at the time, notified Defendants of a dispute with completeness and/or accuracy of the reporting of Plaintiff's TD Bank account. A redacted copy of this letter is attached hereto as **"Exhibit C."**

14. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by TD Bank to the Consumer Reporting Agencies via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

15. In June 2021, Plaintiff requested updated credit reports for review. The tradeline for Plaintiff's TD Bank account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the June 1, 2021 credit report is attached hereto as "**Exhibit D."**

16. Experian and Equifax did not notify TD Bank of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify TD Bank and TD Bank failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

17. If TD Bank had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's TD Bank account would have been updated to reflect a "settled" status with a balance of $0.00.

18. Despite the fact that TD Bank has promised through its subscriber agreements or contracts to accurately update accounts, TD Bank has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

19. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Experian and Equifax.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **CLAIM FOR RELIEF**

22. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

23. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

24. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

25. TD Bank is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

26. TD Bank is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

27. Plaintiff notified Defendants of a dispute on the account's completeness and/or accuracy, as reported.

28. TD Bank failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

29. TD Bank failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

30. Experian and Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

31. Experian and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

32. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday

expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.

33. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted, this the 7th day of July, 2021.

                              𝕽𝖔𝖇𝖊𝖗𝖙 𝕮. 𝕲𝖎𝖓𝖉𝖊𝖑 𝕵𝖗., 𝕻.𝕬.
1500 Gateway Boulevard
Suite 220
Boynton Beach, FL 33426
Telephone: (561) 649-2344
Facsimile: (561) 965-8550
Eservice: robertgindel@robertgindel.com

BY:     */s/Robert C. Gindel, Jr., Esquire*
        Robert C. Gindel Jr., Esquire
        Florida Bar No.: 470740